Harry Kemker, Tampa, Fla., attorney of record, for plaintiff. Keith E. Rounsaville, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, Fla., of counsel.

Alvin A. Schall, Brooklyn, N. Y., with whom was Acting Asst. Atty. Gen. Thomas S. Martin, Washington, D. C., for defendant.

**FLORIDA EAST COAST RAILWAY COMPANY**

v.

**The UNITED STATES.**

**No. 532–69.**

United States Court of Claims.

Sept. 23, 1981.

Before COWEN, Senior Judge, and KUNZIG and BENNETT, Judges.

## OPINION

PER CURIAM:

This breach of contract case arises out of two agreements made in 1963 between the Florida East Coast Railway (FEC) and the United States which was represented by the National Aeronautics and Space Administration (NASA). The agreements concern the construction and operation of a railroad industrial spur to serve government requirements, principally in connection with the space program in the vicinity of Cape Canaveral, Florida. The case is presently before the court on the parties' exceptions to the recommended decision of Trial Judge Francis C. Browne which was filed on February 5, 1980, and was limited to the issue of liability for breach. The case has been submitted on the briefs and oral argument of counsel.

We are in agreement with the trial judge who found in plaintiff's favor on the issue

of liability. With minor modifications [1] we adopt his opinion and findings as the basis of our judgment that defendant is liable to plaintiff for damages resulting from breach of the contracts in several particulars. Determination of the amount of damages will be made by the trial division in further proceedings. Plaintiff has claimed approximately $13 million, plus interest and costs. We do not print the trial judge's report since it has been submitted to the parties, is 275 pages long, does not make any significant new law, and, as noted, a final decision is yet to be made. The case is old, the record enormous, and the parties will best be served by a prompt decision. We think it appropriate, however, to comment briefly for the further guidance of the parties and the trial judge, and to underscore our judgment as to a controverted important issue central to the case.

Plaintiff contends that defendant guaranteed or warranted a minimum number of rail cars of freight as a term of the Memorandum of Agreement dated January 18, 1963. We read the trial judge's opinion and findings as rejecting this argument. No such guarantee or warranty can be implied as a term of the parties' agreements in this case.

In order to induce plaintiff to pay the costs for construction of a portion of the spur, defendant produced estimates, based on knowledge within its exclusive control, of the volume of traffic that was anticipated. With these representations indicating high revenues for FEC, defendant persuaded plaintiff to enter into the Memorandum of Agreement to build a portion of the trackage and provided the easements therefor over government land through the Grant of Railway Easements, dated June 21, 1963. The traffic estimated did not materialize. Rates had been agreed to for the movement of freight but the estimates of freight volume were not incorporated as a term of any agreement for construction and operation of the line.

Plaintiff's reliance on *Everett Plywood & Door Corp. v. United States*, 190 Ct.Cl. 80, 419 F.2d 425 (1969), is misplaced. That case involved a contract for the sale of timber. The court found that the defendant's estimate of the quantity of timber gave rise to a warranty or guarantee. *Everett Plywood* stands for the familiar proposition that the government warrants the accuracy of "material representations in the government's plans and specifications." 190 Ct.Cl. at 92, 419 F.2d at 431. In this case, by contrast, the government estimates are not part of the plans and specifications. In fact the estimates are not even a written term of the contract, as already noted. The freight estimates were not guaranteed or warranted.

Plaintiff also relies on the case of *Hollerbach v. United States*, 233 U.S. 165, 34 S.Ct. 553, 58 L.Ed. 898 (1914), in order to establish that the estimates were guaranteed or warranted. We reject plaintiff's claim that the *Hollerbach* line of cases supports plaintiff's position. That case involved an express representation regarding subsurface conditions for a construction project. The decision distinguished cases where claimants relied on previous negotiations and information from the *Hollerbach* situation where the representations were explicit terms of the contract. Similarly, *Arcole Midwest Corp. v. United States*, 125 Ct.Cl. 818, 113 F.Supp. 278 (1953), and *Harry Thuresson, Inc. v. United States*, 197 Ct.Cl. 88, 453 F.2d 1278 (1972), involved express representations which were found to be guarantees. The cases which plaintiff cites simply do not support a finding of a guarantee or warranty on the facts of this case. The parties knew how to state express agreements of their intentions in this contract and did so on other matters. It would be inappropriate therefore for the court to write such an agreement into the contract

---

1. Defendant has not objected to, and the court agrees with, plaintiff's exceptions to findings numbered 29, 147, 158, 182, 221, 252, 335, 336, 338, 441, 493, 500, ultimate finding J6, and line 2 of ultimate finding K. These findings are amended to conform to the exceptions. All other exceptions taken by the parties are rejected, as are the requests to supplement the report of the trial judge with additional findings.

**476**

by implication. This is not to say that the trial judge may not in his discretion consider defendant's representations as guidelines or factors to be considered in determining allowable damages along with such other evidence as he may find relevant and probative. The opinion and findings of the trial judge delineate the areas in which plaintiff may seek to establish its damages. We have accepted his analysis thereof and reserve judgment on all further matters pertaining thereto.

Judgment is entered for plaintiff on the issue of liability for breach of the Memorandum of Agreement and the Grant of Railway Easements. The determination of the amount of recovery is reserved for further proceedings pursuant to Rule 131(c).